UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JACOB YON                                                                                                            PLAINTIFF

v.                                           No. 2:22-cv-02120

SARA REEVES                                                               DEFENDANT

**OPINION AND ORDER**

Before the Court are Defendant Sara Reeves' motion (Doc. 22) to dismiss and brief in support (Doc. 23). Plaintiff Jacob Yon filed a response (Doc. 26) in opposition. For the reasons stated below, Ms. Reeves' motion will be GRANTED IN PART and DENIED IN PART.

**I.    Background[1]**

This action involves a long-distance relationship and a fabricated pregnancy. Mr. Yon and Ms. Reeves were in a romantic relationship for two years. During that time, Mr. Yon lived in Florida and Ms. Reeves lived in Arkansas. The events giving rise to this action began in June 2021, when Ms. Reeves told Mr. Yon that she had taken a pregnancy test and was pregnant. Within days, the parties began communicating, largely over text messages, about the pregnancy and next steps. These communications began by discussing whether Ms. Reeves should seek an abortion. Throughout the rest of June, the parties texted on and off about meeting in person to discuss the pregnancy.

In July, the parties' conversations shifted. They began the month discussing whether they should break up. Mr. Yon expressed frustration about the long-distance relationship; Ms. Reeves stated she thought Mr. Yon was giving up on her. As July continued, the parties continued to text

---

[1] The background facts are based on Plaintiff's allegations in his amended complaint (Doc. 20), which are accepted as true only for purposes of this motion and do not constitute findings of the Court.

about due dates, appointments, and concerns about miscarriages.  Ms. Reeves also advised Mr. Yon that she had spoken with his mother about doctor's appointments for the pregnancy.  As July ended and August began, Ms. Reeves reassured Mr. Yon that she was pregnant with his child and was excited to see him as a father.

Miscommunication and discord plagued the parties' texts in August.  Early in the month, Mr. Yon told Ms. Reeves that his father was dying.  Ms. Reeves texted Mr. Yon throughout the day his father died and later offered up the comforting thought that "good news is that baby is okay."  Later that month, Ms. Reeves expressed that she had concerns about the baby's health, so she scheduled an appointment with a clinic.  Ms. Reeves first texted Mr. Yon that tests confirmed the baby had Down syndrome.  The next day Ms. Reeves texted that the clinic made a mistake: the baby did not have Down syndrome.  The day after that, Ms. Reeves texted she could still pursue an abortion.  Mr. Yon opposed that suggestion.  The month ended with Ms. Reeves telling Mr. Yon that she wanted to name the baby after his late father, and that she had a surgery scheduled.

In September, the discord continued.  Ms. Reeves first told Mr. Yon she would not contact him for a while.  The same week, however, Ms. Reeves again contacted Mr. Yon.  She said that she spent the night in an emergency room and had a risky surgery scheduled in Tallahassee.  Later that week, Mr. Yon was at a college football game when he received a text from Ms. Reeves that instructed him to go to the hospital where she was admitted.  The parties spoke throughout the day as Mr. Yon called several local hospitals trying to find Ms. Reeves.  Ms. Reeves then told Mr. Yon not to come to the hospital.  Mr. Yon could not locate Ms. Reeves.  The next day, Ms. Reeves told Mr. Yon that the baby was fine.  Mr. Yon states that throughout this time Ms. Reeves made disparaging comments about him to others, including "statements to the effect that he does not want the baby, that he has essentially abandoned her, and that he is a deadbeat father (or will be)."

Finally, the parties' tumultuous relationship ended. Following the September hospital scare, the parties texted infrequently. At the end of November and early December, Ms. Reeves texted Mr. Yon a sonogram but stated that she did not want him at an upcoming appointment. After that, Ms. Reeves stopped responding to texts. In early 2022, Mr. Yon filed a paternity lawsuit seeking parental rights and requesting hospital access on the delivery day. In response, Ms. Reeves admitted she fabricated the entire pregnancy, which mooted the paternity action.

Mr. Yon sued Ms. Reeves in the Circuit Court of Sebastian County, Arkansas for intentional infliction of emotional distress and defamation. (Doc. 4). He later amended his complaint and added invasion of privacy claims under public disclosure of private facts and false light theories. (Doc. 20). Although an Arkansas citizen, Ms. Reeves removed the case to federal court based on diversity jurisdiction. (Doc. 2). This violates the forum-defendant rule, which prevents defendants in diversity actions who are citizens of the state where the action is brought from removing the case. 28 U.S.C. § 1441(b)(2). But violating the forum-defendant rule is a nonjurisidictional defect which plaintiffs waive if not raised in a timely remand motion. *Holbein v. TAW Enters., Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (en banc). Mr. Yon never moved to remand the case, so this Court retains jurisdiction.

## II.    Legal Standard

In ruling on a motion to dismiss, the Court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party." *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Those alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.*

### III. Discussion

The Court will grant Ms. Reeves' motion to dismiss Mr. Yon's intentional infliction of emotional distress, public disclosure of private facts, and defamation claims. The Court will deny Ms. Reeves' motion to dismiss the false light claim. The Court will address each claim in turn.

**A. Intentional Infliction of Emotional Distress**

Under Arkansas law, the tort of IIED is also known as outrage. *Sawada v. Walmart Stores, Inc.*, 473 S.W.3d 60, 69 (Ark. Ct. App. 2015). To sustain an outrage claim, a plaintiff's complaint "must contain sufficient facts, as opposed to mere conclusions," demonstrating:

(1) the defendant intended to inflict emotional distress or knew or should have known that the emotional distress would be the likely result of the conduct;

(2) the conduct was extreme and outrageous beyond all possible bounds of decency and intolerable in a civilized community;

(3) the actions of the defendant were the cause of plaintiff's distress; and

(4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Steinbuch v. Cutler*, 518 F.3d 580, 590–91 (8th Cir. 2008) (citing *Calvary Christian Sch., Inc. v. Huffstuttler*, 238 S.W.3d 58, 68 (Ark. 2006)). Arkansas courts have described outrage claims as disfavored. *Crockett v. Essex*, 19 S.W.3d 585, 589 (Ark. 2000). Arkansas courts also give "a narrow view to the tort of outrage, and require[] clear-cut proof to establish the elements in outrage cases." *Id.* (citing *Croom v. Younts*, 913 S.W.2d 283 (Ark. 1996)). "[T]he tort of outrage should

4

not and does not open the doors of the courts to every slight insult or indignity one must endure in life." *Id.* (quoting *Travelers Ins. Co. v. Smith*, 991 S.W.2d 591, 595 (Ark. 1999)).

Mr. Yon has alleged that the false pregnancy "weighed heavily on him" and "understandably created a great deal of stress," but that does not rise to a severity of emotional distress that no reasonable person could be expected to endure. (Doc. 20, ¶ 33). Emotional distress manifesting as sleep loss, loss of appetite, and anxiety cannot sustain an outrage claim. *FMC Corp., Inc. v. Helton*, 202 S.W.3d 490, 505 (Ark. 2005). Feeling embarrassed is also insufficient to rise to the level of severe distress a plaintiff must show. *Kiersey v. Jeffrey*, 253 S.W.3d 438, 443 (Ark. 2007). Mr. Yon's complaint does not include facts that prove he suffered greater distress than a reasonable person would be expected to endure. Although he was rightly stressed at the thought of losing a child, that does not go beyond what a reasonable expectant parent would have to endure. Mr. Yon's complaint spends great detail discussing the fabricated pregnancy, but it fails to include any facts that show his "great deal of stress" was so severe that it can satisfy the outrage claim's final element.

Additionally, the Court finds Mr. Yon's allegation that "[Ms. Reeves'] conduct was extreme and outrageous" is a mere label or conclusion and recitation of the elements, which the Court is not bound to accept as true. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation" (citations omitted)); *see also Sims v. Little Rock Plastic Surgery, P.A.*, 2020 WL 4514572, at *6 (E.D. Ark. Aug. 5, 2020) (collecting Arkansas cases refusing to find outrage). Because of this, Mr. Yon has not plausibly pled facts demonstrating that he suffered extreme and severe emotional distress from Ms. Reeves' actions which was utterly intolerable in a civilized community and beyond all possible bounds of human decency. Therefore, his outrage claim will be dismissed without prejudice.

### B. Invasion of Privacy—Public Disclosure of Private Facts

Arkansas law recognizes four distinct invasion of privacy claims: (1) intrusion upon seclusion, (2) appropriation of another's name or likeness, (3) public disclosure of private facts, and (4) false light. *Dodrill v. Ark. Democrat Co.*, 590 S.W.2d 840, 844 (Ark. 1979). The elements of a public disclosure of private facts claim are:

(1) that he sustained damages;

(2) that [Ms. Reeves] made a public disclosure of a fact about [Mr. Yon];

(3) that prior to disclosure the fact was not known to the public;

(4) that a reasonable person would find the disclosure highly offensive;

(5) that [Ms. Reeves] knew or should have known that the disclosed fact was private;

(6) that the fact was not of legitimate public concern; and

(7) that the public disclosure was the proximate cause of [Mr. Yon's] damages.

*Duggar v. City of Springdale*, 599 S.W.3d 672, 685 (Ark. Ct. App. 2020) (citing Ark. Model Jury Instruction 422). Arkansas court have adopted the Restatement (Second) of Torts approach to invasion of privacy claims. *Singer v. Harris*, 897 F.3d 970, 977 (8th Cir. 2018). "Public disclosure of private facts is publicity of a highly objectionable kind, given to private information about the plaintiff, *even though it is true* and no action would lie for defamation." *McMullen v. McHuges Law Firm*, 454 S.W.3d 200, 209 (Ark. 2015) (citation omitted) (emphasis in original).

Mr. Yon's public disclosure of private facts claim fails because the information Ms. Reeves disclosed, as he admits in his pleadings, is a "falsehood." (Doc. 20, ¶ 40). When a party maintains throughout litigation that the facts disclosed were false statements, a court should dismiss the claim. *McMullen*, 454 S.W.3d at 209. Throughout his second amended complaint, Mr. Yon asserts that the information was a "falsehood" (Doc. 20, ¶ 40) and that disparaging statements Ms. Reeves

6

made about Mr. Yon were not true. *Id.* ¶ 20.  Mr. Yon argues that the facts do not have to be true statements but may be asserted as factual.  (Doc. 26, p. 6).  This ignores the reality that the tort requires publicity of private information "even though [the information] is true." *McMullen*, 454 S.W.3d at 209.  Because Mr. Yon admits that the information Ms. Reeves disclosed were falsehoods, the Court will dismiss his public disclosure of private facts claim without prejudice.

### C. Defamation

Defamation claims under Arkansas law consist of six elements:

(1) the defamatory nature of the statement of fact;

(2) the statement's identification of or reference to the plaintiff;

(3) publication of the statement by the defendant;

(4) the defendant's fault in the publication;

(5) the statement's falsity; and

(6) damages.

*Singer*, 897 F.3d at 977 (quoting *Little Rock Newspapers, Inc. v. Fitzhugh*, 954 S.W.2d 914, 918 (Ark. 1997)).  A complaint must "set forth the alleged defamatory statements and identify the persons to whom they were published . . . ." *Freeman v. Bechtel Const. Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996) (affirming dismissal of complaint of general defamatory statements).  Complaints that lack such specificity give defendants no chance to adequately respond.  *Id.*

Mr. Yon's complaint is deficient because he neither sets forth the defamatory statements nor identifies the persons to whom they were published with any specificity.  Mr. Yon alleges Ms. Reeves "disparage[ed] [Mr. Yon] to *others* and [made] defamatory statements about him to them. Statements to the effect that he does not want the baby, that he has essentially abandoned her, and that he is a deadbeat father (or will be)."  (Doc. 20, ¶ 20) (emphasis added).  Mr. Yon also alleges

Ms. Reeves made it clear to others that Mr. Yon broke up with her due to the pregnancy, would not attempt to be at doctor's appointments, and that Mr. Yon tried to convince her to get an abortion. *Id.* ¶ 31. The complaint does not identify the specific defamatory statements. *Freeman*, 87 F.3d at 1031 (dismissing claim that only alleged defendants made "obvious defamatory statements"); *see also Luxpro Corp. v. Apple, Inc.*, 658 F. Supp. 2d 921, 935 (W.D. Ark. 2009) (dismissing claim that only provided the subject matter of alleged defamation, not specific defamatory words). Even if the statements were deemed sufficient, Mr. Yon never identifies the people to whom Ms. Reeves made the statements. Mr. Yon's allegation that she made the statements to "others" is deficient. *See Freeman*, 87 F.3d at 1031.

Mr. Yon's complaint is also deficient with regards to alleging damages to his reputation. Arkansas no longer recognizes the doctrine of presumed damage to reputation, so a plaintiff must show actual damage to their reputation. *Faulkner v. Ark. Children's Hosp.*, 69 S.W.3d 393, 403 (Ark. 2002); *see also Suggs v. Stanley*, 324 F.3d 672, 679 (8th Cir. 2003). Pleading merely a conclusion that the plaintiff suffered actual damage to their reputation is insufficient. *Faulkner*, 69 S.W.3d at 403. Mr. Yon alleged that Ms. Reeves disclosed information to friends, family, and acquaintances and that she knew that those statements would damage his reputation in the community. (Doc. 20, ¶¶ 37, 40). In leaving out specific details about how his reputation was damaged, Mr. Yon asks the Court to speculate how his reputation was harmed, which is insufficient to state a claim. *Twombly*, 550 U.S. at 555. Further, Mr. Yon's complaint does not contain "sufficient facts, as opposed to mere conclusions" in support of his reputational harm. *Steinbuch*. 518 F.3d at 590. For both of these reasons—Mr. Yon's failure to identify who Ms. Reeves made defamatory statements to and insufficient facts to support his claim of reputational damage—the Court will dismiss his defamation claim without prejudice.

### D. Invasion of Privacy—False Light

To state a false light invasion of privacy claim, Mr. Yon must plead facts which plausibly meet two essential elements: first, that "the false light in which he was placed by the publicity would be highly offensive to a reasonable person," and second, "that the defendant had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed." *Dodrill*, 590 S.W.2d at 845. "The evidence must support the conclusion that the publisher had serious doubts about the truth of his publication." *Sawada*, 473 S.W.3d at 69 (citing *Addington v. Wal–Mart Stores, Inc.*, 105 S.W.3d 369, 377 (Ark. App. 2003)). Unlike a defamation claim, a false light invasion of privacy claim does not require proof of actual damage to reputation. *Dunlap v. McCarty*, 678 S.W.2d 361, 364 (Ark. 1984). It follows that dismissing a defamation claim does not necessitate dismissing a false light claim. *See Kolbek*, 2013 WL 6816174, at *26–*27.

Ms. Reeves' argument that Mr. Yon has not pled malice as to the false light claim is unconvincing. A defendant possesses actual malice when making a statement with knowledge that it is false or with reckless disregard for whether the statement is false or not. *Addington*, 105 S.W.3d at 377 (citing *Dodson v. Dicker*, 812 S.W.2d 97, 99 (Ark. 1991)). Mr. Yon has pled specific facts that show Ms. Reeves knew the statements were false because she fabricated the pregnancy. (Doc. 20, ¶ 29, 42). As a result, Mr. Yon has pled sufficient facts to survive at the motion to dismiss stage. The Court will deny Ms. Reeves' motion to dismiss the false light claim.[2]

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 22) to dismiss will be

---

[2] As neither party has made any argument regarding the punitive damages claim and the false light claim survived the motion to dismiss, the Court will allow the punitive damages claim to remain pending.

9

GRANTED IN PART and DENIED IN PART. Mr. Yon's claims for the torts of outrage, public disclosure of private facts, and defamation are dismissed without prejudice. Mr. Yon's false light claim and punitive damages claims remain pending for trial.

    IT IS SO ORDERED this 2nd day of November, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE